

January 11, 2011

**VIA ECF**

Hon. Judge Eric N. Vitaliano
United States District Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *CJ Products, et al v. Concord Toys International, Inc. et al.*
>        10 Civ. 5712 (ENV)

Dear Judge Vitaliano:

We represent Plaintiffs in the above captioned case. On December 15, 2011 Plaintiffs, along with U.S. Marshals, entered the premises of Defendant Concord Toys International in order to execute the TRO issued by this Court. On that day, counsel for Defendants took the position that we could not execute the warrant against a company located at the same premises called New Concord Enterprise Inc. The U.S. Marshal discussed the matter with an owner of Concord Toys (Liu) who indicated that the owners of Concord Toys (Liu and Pan) are also owners of New Concord. Liu also indicated that employees are the same for both companies. This information was discussed with your law clerk (Sparkle Alexander) that day and Your Honor confirmed that the TRO could be executed against New Concord as well.

Since then we have confirmed that the goods at issue in this matter are offered for sale/sold by both Concord and New Concord. Funds received for the sale of said goods and in the purchase of said goods are maintained in at least two bank accounts in the names of Concord and New Concord at East West Bank. *See* attached completed Information Subpoena received from East West Bank. Yesterday, we received a call from an attorney for East West Bank who had received a call from counsel for Defendants. Defendant's counsel asked that the accounts be unfrozen as to both Concord and New Concord. Our position is that both accounts should be frozen since the business of selling pirated Pillow Pets involves both accounts and the funds therein. The damages in this case are well in excess of the $100,000 that were in the two accounts. There is a concern that the funds in the accounts will be wired to a Chinese bank account in the name of Concord Toys International Limited. From the records we have reviewed, we have seen evidence of transfers in the $25,000 to $50,000 range from time to time to this account. *See* attached wire transfer confirmation.

On Friday, we filed an amended complaint in the above-referenced action to add two additional defendants (New Concord Enterprise Inc. ("New Concord") and Yun Liu ("Liu") to the action. Yesterday, opposing counsel accepted service of the amended complaint on behalf of all defendants. As Your Honor considers our request for preliminary injunction we request that the TRO and the potential preliminary injunction be applied to the new defendants as well.

Sincerely,

Jason M. Drangel

cc: counsel for Defendants

---

Jason M. Drangel (JMD 7204)
EPSTEIN DRANGEL LLP
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

CJ Products LLC and Ontel Products
Corporation

Plaintiffs

               v.

Concord Toys International, Inc. and
Hai Wen Pan

Defendants

-----------------------------------------------------X

Civ Action No. 10 – 5712 (ENV)

## QUESTIONNAIRE ACCOMPANYING RESTRAINING NOTICE WITH INFORMATION SUBPOENA

All questions are to be answered as of the day on which this questionnaire is returned.

Concord Toys International, Inc. and Hai Wen Pan, with corporate offices located at:

53-20 Flushing Avenue
Maspeth, NY 11378
Tel.: 718-381-7018

and

91-31 121st Street,
Richmond Hill, NY 11418
tel.:718-441-7018/7032

1

1.      (a)      Identify, by bank name and branch and account name and number, all bank accounts of whatever sort, including, but not limited to, checking, savings, and money markets, accounts, presently maintained at your institution by or for the benefit of EACH of the Defendants. ① Concord Toys International Inc. #63754139 ② New Concord Enterprise Inc. #63753586



     (b)      State separately the amounts contained in each of the accounts identified in subsection (a). ① $67,403.67 ② $37,177.18



2.      Identify, by bank name and branch and account name and number, all accounts of whatever sort held at your institution since June 1, 2005 by or for the benefit of EACH of the Defendants.

N/A



3.      Identify, by bank name and branch and account name and number, all safety deposit or vault boxes of whatever sort, presently maintained at your institution by or for the benefit of EACH of the Defendants.

N/A



4.      Identify, by bank name and branch and account name and number, all safety deposit or vault boxes of whatever sort, in your possession, maintained at your institution since June 1, 2005 by or for the benefit of EACH of the Defendants.

N/A

5.      Identify, by parties, date and amount, all instruments or assets in your possession belonging to EACH of the Defendants, including, but not limited to, all securities, negotiable instruments, evidence of debt, certificates of deposit, and checks payable to EACH of the Defendants.

N/A

6.      State the amount, nature and location of all cash and other liquid assets in your possession or control not covered by questions 1 through 5 belonging to EACH of the Defendants.

N/A

7.      Identify with particularity all security interests, liens or similar interests that to your knowledge are held by any third parties in any of the property identified in questions 1 through 6 belonging to EACH of the Defendants.

*N/A*

8.      Have <u>EITHER</u> of the Defendants closed or changed the name on any bank or securities account held at your institution since June 1, 2005?

*N/A*

9.      If the answer to Question No. 8 is "Yes," state for each such account:

   A.      bank name and branch, account name and number, and date closed or changed;

   B.      the amount on deposit at time the account was closed or changed;

   C.      the date, name and address of payee of the last five checks drawn;

   D.      the amount of each such check and the consideration therefor.

10.     Identify, by name, title and current business addresses, the individual or individuals with actual knowledge who prepared the answers to these questions.

By: _____

Name: *Marian Wong*

Title: *Risk Management Supervisor*

Sworn to before me this

_*20*_ day of _*December*_ , 2010.

_____
Notary Public

3

Reset

# Jurat

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this __20th__ day of December ,

20 10 by Marian Wong

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature

(Notary seal)



JENNIFER WING LAM HO
Commission # 1806596
Notary Public - California
Los Angeles County
My Comm. Expires Jul 15, 2012

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

US District Court of New York
(Title or description of attached document)

Information Subpoena
(Title or description of attached document continued)

Number of Pages 2    Document Date_____

_____
(Additional information)

INSTRUCTIONS FOR COMPLETING THIS FORM

*The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
    ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
    ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

2008 Version CAPA v1.9.07  800-873-9865  www.NotaryClasses.com

# EASTWESTBANK *Your Financial Bridge*

P.O. Box 927
Alhambra, CA 91802

**RETURN SERVICE REQUESTED**

OZ 01    006
CONCORD TOYS INTERNATIONAL INC
53 20 FLUSHING AVE
MASPETH , NY, 11378-

00046
jqr4a

Dear CONCORD TOYS INTERNATIONAL INC:

This letter serves as notification of the following Outgoing Wire Transfer
sent on 11/16/2010.  The funds have been debited from account#
**********4139.


Beneficiary:          CONCORD TOYS INTERNATIONAL LIMITED
Beneficiary Account: **********8838
Amount:               $50,000.00

Receiver Bank :HSBC BANK USA, N.A
Receiver ABA# :021001088
East West Bank Reference# :397626
By Order Of :CONCORD TOYS INTERNATIONAL INC

Intermediary Bank :



Beneficiary Bank :HSBC BANK
71-85B HENNESSY RD.,
WANCHAI, HONGKONG
,

FED Reference #: 20101116L2B77Q1C000032
Reference for BNF:
Originator to BNF Info: NO MESSAGE SUBMITTED
Additional Info:

If you have any questions regarding this transaction, please contact your
local Bank Branch Office.